UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RACHEL LUCKEY, | Case No. 1:22-cv-193 |
| Plaintiff, | |
| vs. | McFarland, J. <br> Bowman, M.J. |
| WARREN COUNTY CHILDREN SERVICES, et. al. | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Warren County Children's Services and its employees, Kirsten Stover (supervisor), Laney Foster, (case worker) Sara Neef (peer support personnel), City of Franklin Police Officer Amanda Myers, and Warren County prosecutor Sarah McMahon. Plaintiff alleges that Defendants violated her right to Due Process under the Constitution. (Doc. 1). Plaintiff seeks unspecified compensatory and punitive damages. For the reasons that follow, the undersigned finds that the court lacks subject matter jurisdiction over this action.

A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). See also *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction, but ultimately finding the plaintiffs' claims raised under 42 U.S.C. § 1983 and 28 U.S.C. §

1

1343(3) formally alleged a deprivation of constitutional rights and thus were not unsubstantial or wholly frivolous); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims, but then allowing an arguably plausible claim to proceed). *Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans*. *Tingler v. Marshall,* 716 F.2d 1109, 1111 (6th Cir. 1983).

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 and U.S. at 93 (citations omitted).

Here, Plaintiff asserts that Defendants removed her children from her home in violation of her First, Fourth and Fourteenth Amendments. Plaintiff's complaint notes that Defendants "initiated a court action" relating to her children but did not cite to any such action. Notably, however, this Court has authority to "take judicial notice of proceedings in other courts of record" on screening of plaintiff's complaint. See *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir.1969)); *Saint Torrance v. Firstar*, 529 F.Supp.2d 836, 838 n. 1 (S.D.Ohio 2007); see also *Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir.2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir.1999)) (involving judicial notice of on-line court records).

Upon review of on-line court records from Warren County, Ohio, the Court found three cases related to the claims in Plaintiff's complaint; *In re: Y.R v. Warren County Children Services, Case No.,2020-09-057; In re Y.R.*, 2021-Ohio -858 and *State of Ohio v. Rachel Luckey*, Case No. 20cr36594, (2020). Notably, *In re Y.R.*, 2021-Ohio-858, involves Plaintiff's appeal to the Ohio Court of Appeals related to the juvenile court decisions adjudicating her child dependent (Y.R) and continuing temporary custody with children services. On appeal, the decision of the juvenile court was affirmed.

The undersigned concludes that this Court lacks jurisdiction to consider plaintiff's complaint. Under the *Rooker–Feldman* doctrine, which arose from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the lower federal courts are precluded "from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine is premised on the "the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *See In re Cook*, 551 F.3d 542, 548 (6th Cir.2009) (and cases cited therein).

In this case, it is clear from the face of the complaint that *Rooker–Feldman* applies to bar this Court from exercising jurisdiction over plaintiff's claims challenging the rulings of the juvenile court and the state appellant court. *See Lee v. Johnson-Wharton*, No. 1:14cv868, 2014 WL 7015178, at *4 (S.D. Ohio Dec. 11, 2014) (Dlott, J.; Litkovitz, M.J.) (relying on *Stephens* and *Sefa v. Kentucky*, 510 Fed.Appx. 435, 437-38 (6th Cir. 2013), in holding that the district court lacked jurisdiction to consider claims couched in terms of a civil rights action, which essentially amounted to a collateral attack of a state-court judgment terminating the plaintiff's parental rights). As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts and the Court lacks subject matter jurisdiction to consider

4

Plaintiff's claims. See 28 U.S.C. § 1915(e)(2)(B).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| RACHEL LUCKEY, | Case No. 1:22-cv-193 |
| Plaintiff, | |
| vs. | McFarland, J. |
| | Bowman, M.J. |
| WARREN COUNTY CHILDREN SERVICES, et. al. | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6